Miscellaneous Docket No. 25-142

IN THE

# United States Court of Appeals for the Federal Circuit

IN RE FINTIV, INC.,

*Petitioner.*

On Petition for Writ of Mandamus to the
United States District Court for the
Western District of Texas
No. 1:21-cv-00896-ADA, Hon. Alan D Albright

## APPLE INC.'S COMBINED RESPONSE TO FINTIV, INC.'S PETITION FOR WRIT OF MANDAMUS AND OPPOSITION TO FINTIV, INC.'S EMERGENCY MOTION TO STAY THE DISTRICT COURT'S AUGUST 4, 2025 TRIAL DATE

Sean C. Cunningham
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, CA  92121

Melanie L. Bostwick
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
2100 Pennsylvania Avenue, NW
Washington, DC  20037
(202) 339-8400

Jeffrey T. Quilici
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
300 W. 6th Street, Suite 1850
Austin, TX  78701

*Counsel for Respondent Apple Inc.*

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 25-142

**Short Case Caption** In re Fintiv, Inc.

**Filing Party/Entity** Apple Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/31/2025

Signature: /s/ Melanie L. Bostwick

Name: Melanie L. Bostwick

| 1. **Represented Entities.** Fed. Cir. R. 47.4(a)(1). | 2. **Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | 3. **Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Apple Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

FORM 9. Certificate of Interest

Form 9 (p. 3)
March 2023

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable          ☑ Additional pages attached

| See attached | | |
|---|---|---|
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below)     ☐ No     ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable          ☐ Additional pages attached

| | | |
|---|---|---|
| | | |

iii

# Attachment

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

DLA Piper LLP (US): John M. Guaragna, Zachary Loney, Michael Saulnier, Mark D. Fowler, Erin Gibson, Paul Steadman, Richard Mulloy, Peter Maggiore, Ahimsa E. Hodari, Angela Whitesell, Derek Gretkowski, Jessica Hannah, Stephanie Lim

Gillam & Smith, LLP: Harry Lee Gillam, Jr.

Kelly Hart & Hallman LLP: John R. Johnson

Orrick, Herrington & Sutcliffe LLP: Claudia Wilson Frost, Travis Jensen, Tyler S. Miller

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST .............................................................. i

TABLE OF AUTHORITIES ................................................................ vii

INTRODUCTION ................................................................................ 1

BACKGROUND .................................................................................. 3

    Fintiv sues Apple for patent infringement in 2018. ....................... 3

    Fintiv repeatedly delays trial in pursuit of a willfulness
        theory it fails to develop and the district court rejects. ......... 4

    The district court grants summary judgment of
        noninfringement, and this Court reverses and
        remands. ................................................................................. 7

    Fintiv manufactures emergency motions based on years-old
        evidence to again try to delay trial. ....................................... 8

REASONS FOR DENYING THE WRIT AND THE STAY .................... 11

    I.    Fintiv Has Not Shown Any Reason To Grant
        Mandamus. .......................................................................... 12

        A.    Fintiv's belated insistence on discovery it was
            previously permitted, but failed to pursue, does not
            justify mandamus relief. .............................................. 13

        B.    Fintiv has not been deprived of its right to choose
            its counsel, and any inconvenience to counsel
            caused by the trial schedule does not justify
            mandamus relief. ........................................................ 18

    II.    Fintiv Has Not Shown That A Stay Is Warranted. .............. 21

        A.    Fintiv is unlikely to succeed on the merits of its
            mandamus petition. .................................................... 22

        B.    Fintiv will not be irreparably injured absent a
            stay. ............................................................................ 23

        C.    Apple will suffer prejudice from a last-minute
            delay of trial. .............................................................. 25

D.    The public interest does not favor a stay. ................... 27

CONCLUSION ........................................................................ 28

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilar-Ayala v. Ruiz,*
   973 F.2d 411 (5th Cir. 1992)..............................................................26

*Allied Chem. Corp. v. Daiflon, Inc.,*
   449 U.S. 33 (1980)..............................................................................14

*Bankers Life & Cas. Co. v. Holland,*
   346 U.S. 379 (1953)............................................................................14

*Cheney v. U.S. Dist. Ct.,*
   542 U.S. 367 (2004)............................................................................12

*Farmers' Gas Co. v. Calame,*
   262 S.W. 546 (Tex. Civ. App. 1924) ...................................................21

*Fintiv, Inc. v. Apple Inc.,*
   No. 2023-2208, 2025 WL 1419363 (Fed. Cir. May 16, 2025) ..........7, 8

*In re First S. Sav. Ass'n,*
   820 F.2d 700 (5th Cir. 1987)..............................................................23

*Hepperle v. Johnston,*
   590 F.2d 609 (5th Cir. 1979)..............................................................14

*Hilton v. Braunskill,*
   481 U.S. 770 (1987)............................................................................22

*In re HTC Corp.,*
   889 F.3d 1349 (Fed. Cir. 2018) ..........................................................14

*In re IXYS Corp.,*
   148 F. App'x 933 (Fed. Cir. 2005) ......................................................21

*Keller Indus., Inc. v. Blanton,*
   804 S.W.2d 182 (Tex. App. 1991).......................................................20

*Kershaw v. Shalala,*
9 F.3d 11 (5th Cir. 1993) ................................................... 24

*Leonard v. Martin,*
38 F.4th 481 (5th Cir. 2022) ............................................ 16

*McCoy v. Energy XXI GOM, LLC,*
695 F. App'x 750 (5th Cir. 2017) ..................................... 15

*In re MSTG, Inc.,*
675 F.3d 1337 (Fed. Cir. 2012) ....................................... 14

*Nken v. Holder,*
556 U.S. 418 (2009) ......................................................... 22

*In re Shared Memory Graphics LLC,*
659 F.3d 1336 (Fed. Cir. 2011) ....................................... 20

*Sherri A.D. v. Kirby,*
975 F.2d 193 (5th Cir. 1992) ........................................... 23

*Streck, Inc. v. Research & Diagnostic Sys., Inc.,*
407 F. App'x 452 (Fed. Cir. 2011) .................................... 22

*United States v. Jones,*
733 F.3d 574 (5th Cir. 2013) ........................................... 20

*United States v. Uptain,*
531 F.2d 1281 (5th Cir. 1976) ......................................... 20

*In re Volkswagen of Am., Inc.,*
545 F.3d 304 (5th Cir. 2008) ........................................... 12

*Wichita Falls Office Assocs. v. Banc One Corp.,*
978 F.2d 915 (5th Cir. 1992) ........................................... 15

## Rules and Regulations

Fed. R. Civ. P. 45(c) ............................................................ 26

# INTRODUCTION

Nearly four years ago, Fintiv told this Court that "the public interest strongly favor[ed] a swift resolution of this proceeding" and complained that Fintiv would be "significantly prejudiced" by any delay of the then-pending trial date.  Dkt. 15 at 2, 14 n.3, *In re Apple Inc.*, No. 21-187 (Fed. Cir. Sept. 23, 2021).  Since that time, however, Fintiv has repeatedly sought to delay the trial it once claimed was so urgently needed, each time citing the same supposed "emergency" that is nothing of the sort.  Now trial is set to go forward in less than a week:  Jury selection is underway as of this filing, the jury will be sworn and instructed today, and opening statements are on Monday.  Yet Fintiv asks this Court for an extraordinary writ of mandamus that would disrupt the trial schedule.

Fintiv has not come close to meeting the high bar for mandamus relief.  Fintiv first argues that it needs to complete discovery before trial.  Fintiv fails to mention that it was twice granted leave to take this discovery and then declined to do so.  Most recently, after successfully securing an "emergency" continuance on the eve of trial in 2022, Fintiv delayed for nearly a year without attempting to take the depositions it

1

was allowed and without timely responding to Apple's communications regarding written discovery.  Now Fintiv wants to *again* postpone an imminent trial, citing the same "emergency" need to take the very same discovery that it declined to pursue.  The district court did not abuse its discretion by refusing Fintiv's request.  And even if it had, Fintiv fails to show why mandamus is necessary to correct the problem—indeed, Fintiv admits it can challenge the district court's ruling in an eventual merits appeal, making mandamus unnecessary (and therefore improper).  Fintiv's second argument is even weaker: Fintiv is not being deprived of its right to counsel—and extraordinary relief from this Court is not warranted—simply because its lead trial counsel in this matter is also scheduled to participate in a separate evidentiary hearing the week *after* this trial.

Given these significant defects in its arguments, Fintiv tries a second tack to secure the delay it wants without meeting the high bar for mandamus relief: it asks this Court for an emergency stay of the trial while the Court considers the petition.  Trial is less than two business days away.  A stay at this point will almost certainly require postponing the trial.  And Fintiv has not shown any reason to do so.  It

is unlikely to succeed on the merits of its mandamus petition, and it cannot show irreparable harm in any event—again, Fintiv admits it can raise its discovery argument in a future appeal, and admits that its lead trial counsel has no actual remaining conflict with the August 4 trial date. In contrast, a last-minute delay of trial would risk substantial and irreparable harm to Apple—not only in the form of the expense and inconvenience of postponing a trial that is ready to go, but also because Apple cannot guarantee that its key third-party witness will be willing to testify in person if the trial date moves yet again. A stay is not in the interest of the public, the witnesses, the jurors who are being selected at this very moment, or judicial economy. It serves only the interest of Fintiv, which should not further benefit from delay of its own making.

The Court should deny Fintiv's mandamus petition and its emergency motion to stay.

## BACKGROUND

### *Fintiv sues Apple for patent infringement in 2018.*

This case involves U.S. Patent No. 8,843,125, which was originally assigned to a company known as SK C&C. Appx153. In 2014, Fintiv's predecessor—a financial startup called Mozido—acquired SK C&C's

CorFire subsidiary. Appx195. With that transaction, the '125 patent
was assigned to Mozido CorFire – Korea, Ltd. Appx168-169. Fintiv
acquired rights to the patent in December 2018. Appx168-169. Three
days later, Fintiv filed this infringement suit. Appx106. The '125
patent concerns mobile wallet technology. Fintiv accuses Apple iPhone,
Watch, iPad, and Mac products of infringing at least one asserted claim
of the '125 patent.

### Fintiv repeatedly delays trial in pursuit of a willfulness theory it fails to develop and the district court rejects.

Throughout this litigation, Fintiv has repeatedly sought to charge
Apple with pre-suit knowledge and willful infringement of the '125
patent; has repeatedly failed to present any evidence plausibly
supporting this allegation; and has repeatedly failed to pursue the
discovery it contends is necessary to develop such support, despite being
given ample opportunity to do so.

In July 2020, Fintiv sought leave to amend its complaint to add an
allegation of willful infringement, claiming to have only recently
learned about interactions between Apple and both SK C&C (whose
subsidiary Fintiv acquired) and Mozido (Fintiv's predecessor company).
Appx178-180. The district court denied Fintiv's motion in September

4

2020, finding both a lack of good cause to allow the late amendment and that amendment would likely "be futile." Appx218-219. The district court nonetheless allowed Fintiv to take additional discovery into Apple's supposed pre-suit knowledge of the '125 patent—but Fintiv chose not to pursue that discovery. Appx259.

Fintiv again raised its allegations of pre-suit knowledge in February 2021, in opposing Apple's motion for judgment on the pleadings as to Fintiv's claims of pre-suit indirect infringement. Appx221-236; Appx243. The district court ultimately granted Apple's motion, finding that Fintiv had not "plausibly allege[d] that Apple had pre-suit notice of either the '125 patent or of any alleged infringement of that patent." Appx278-279.

Fintiv next raised the topic of pre-suit knowledge two weeks before trial was set to proceed in June 2022. Fintiv's eve-of-trial emergency stemmed from its supposed "uncover[ing]" of new documents related to the same flawed allegations it had raised two years earlier, along with a late-breaking declaration from a former employee of the SK C&C subsidiary that Fintiv had since acquired. Appx81-83. None of Fintiv's allegations were actually new, nor did they have any

relevance to any existing or proposed claim or defense. Appx261-276.
Nonetheless, Fintiv successfully persuaded the district court to
postpone the trial and allow both parties to take additional depositions
and discovery. Appx56. Apple, for instance, was permitted to depose a
former CorFire employee, while Fintiv was permitted to depose several
former Apple employees. Appx56-57. And both parties were granted
additional written discovery based on search terms proposed by the
other side. Appx57.

Fintiv has never sought to take the depositions the district court
allowed back in July 2022. And it has made virtually no effort—
certainly not a timely one—to pursue the written discovery, as
illustrated in the chart below:

**Fintiv Did Not Timely Pursue "Emergency" Discovery**



Appx326; *see also* Appx387.  Although Apple reached out in August 2022 to propose a path forward on written discovery, Fintiv waited until December 2022 to respond, only then seeking to meet and confer on the topic.  Appx326.  After Apple again responded in January 2023, Fintiv again sat silent for several months.  Only after the district court had set this case for trial in July 2023 did Fintiv once again raise its so-called emergency discovery dispute.  Appx326.

***The district court grants summary judgment of noninfringement, and this Court reverses and remands.***

    The July 2023 trial did not take place, because the district court granted Apple's motion for summary judgment of non-infringement, holding that Fintiv had no evidence that the accused products contain

"widget" software—a limitation common to all asserted claims. Appx298; Appx288-297. Fintiv appealed.

This Court reversed the district court's ruling, holding that Fintiv had presented a genuine dispute of fact about whether the accused products contain the "widget" software recited in the claims. *See Fintiv, Inc. v. Apple Inc.*, No. 2023-2208, 2025 WL 1419363, at *5 (Fed. Cir. May 16, 2025). "The real issue," this Court explained, "is whether the alleged widget as identified by Fintiv can satisfy [the] related claim limitations," which set out a host of actions and conditions for the claimed widget—for instance, "retrieving" and "provisioning" a widget "corresponding" to a "contactless card applet" in claim 11. *Id.* The Court directed the district court on remand "to address whether summary judgment of noninfringement is warranted" as to these other claim limitations regarding the "widget." *Id.*

### *Fintiv manufactures emergency motions based on years-old evidence to again try to delay trial.*

This Court's mandate issued on June 23, 2025. Consistent with this Court's ruling, Apple proposed a schedule for supplemental summary judgment briefing on the widget-related limitations, and the parties briefed that issue. *See* D. Ct. Dkt. 490, 502, 503, 514, 520. The

8

district court ultimately granted partial summary judgment to Apple on this basis during the pretrial conference, held on July 30.  Appx379.

Meanwhile, even before the mandate had issued, Fintiv repeatedly pressed Apple and the district court to set a trial date.  *See* Appx304-317; Appx333-335 (court explaining that it "cannot act until the mandate issues").  The parties exchanged possible options but were unable to find a mutually agreeable date.  Appx336-340; Appx341-351. These negotiations were preempted, however, when the district court entered an order on June 24, 2025, directing the parties to submit a proposed schedule that would include a pretrial conference on July 30; jury selection on July 31; and trial beginning on August 4.  Appx38. Since this order, Apple has taken the position that it is prepared to proceed to trial on the date set by the district court.  Appx34.

Fintiv has repeatedly attempted to avoid the trial date.  In a joint submission on June 27, Fintiv informed the district court that its lead trial counsel, Marc Kasowitz, had an evidentiary hearing set for August 4 (since moved to August 12) and that some of its other trial counsel were affected by an office move.  Appx31.  Fintiv also argued that it needed time to pursue the discovery that the district court had

permitted back in 2022—and, remarkably in view of the facts recited above, asserted that Fintiv had "not delayed in seeking this discovery." Appx32-33.

On July 1, the district court entered an order setting the schedule it had previewed, with trial set to begin on August 4. Appx29-30. As the district court later confirmed, it had "considered the parties' respective positions" from the joint submission before "setting the August 4 trial date." Appx15. Fintiv then filed an "emergency" motion on July 14, seeking to postpone the trial or, "in the alternative," order Apple to provide the discovery that the district court had previously allowed Fintiv to pursue. Appx5-11. Apple's opposition to this motion explained that Fintiv's "emergency" request for discovery was in fact a reprise of the same futile quest it had been pursuing for years; "[m]oreover, the Court gave Fintiv multiple opportunities to pursue this discovery and Fintiv failed to do so." Appx321.

On July 18, the day after Apple filed its opposition, the district court communicated to the parties that it would be denying Fintiv's motion. Appx150 (text order dated July 18, 2025); Appx1. Ten days later, late on the evening of July 28, Fintiv contacted Apple to indicate

that it would be filing the present mandamus petition and stay motion and asking for Apple's position on the motion. Appx352. Half an hour later, without waiting for Apple's response, Fintiv filed those documents. Dkt. 2, 5. On the morning of July 29, the district court formally entered an order denying Fintiv's motion for a continuance and indicating that a written memorandum is forthcoming. Appx151 (text order dated July 29, 2025). At the July 30 pretrial conference, Fintiv also "move[d] not to impanel the jury … pending resolution of Fintiv's writ of mandamus and motion to stay"; the district court declined to do so. Appx405-406.

## REASONS FOR DENYING THE WRIT AND THE STAY

Fintiv has made two extraordinary requests at the eleventh hour. First, it asks this Court for mandamus relief to delay a trial that has, for weeks, been scheduled to start next Monday, August 4. Neither of Fintiv's excuses for delay—stale discovery requests it has long failed to pursue and the scheduling preferences of its counsel—meet the high bar for mandamus. *Infra* § I. Second, after the district court denied Fintiv's request for a continuance, Fintiv now asks this Court to stay the trial pending resolution of the mandamus petition. But Fintiv again fails to

meet the demanding standard for a stay:  Its mandamus petition is not

likely to succeed on the merits, shows no injury that could not be

redressed on appeal, highly prejudices Apple, and wastes the time and

resources already spent in district court on a trial well underway.  *Infra*

§ II.

## I.    Fintiv Has Not Shown Any Reason To Grant Mandamus.

A petitioner seeking mandamus must (1) show a "clear and

indisputable" right to the writ, meaning there has been a "clear abuse of

discretion" (as distinguished from a "mere abuse of discretion"); (2) have

"no other adequate means to attain the relief [it] desires"; and

(3) demonstrate that "the writ is appropriate under the circumstances."

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en

banc) (quoting *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-81 (2004)).

Fintiv's petition offers two grounds for mandamus relief.  Neither

satisfies this three-part standard.

A.    **Fintiv's belated insistence on discovery it was previously permitted, but failed to pursue, does not justify mandamus relief.**

Fintiv first claims that the trial must be postponed to allow Fintiv to pursue the previously ordered discovery into Apple's supposed pre-suit knowledge of the '125 patent.  Pet. 12-14.

There are numerous flaws with Fintiv's argument, but it can be rejected for one very straightforward reason: Fintiv has not shown that it lacks adequate alternative relief justifying mandamus intervention. Even if Fintiv had a right to take this discovery before trial proceeds, mandamus is not necessary to vindicate such a right.  Fintiv's petition states without citation that its "only option for relief" is mandamus.  Pet 15.  But its stay motion acknowledges this is not true: there, Fintiv concedes that in the event of a non-infringement verdict, it could (and "likely" would) appeal "the court's refusal to enforce its discovery order."[1]  Mot. 8.

---

[1] Fintiv also retains the ability to challenge the district court's rulings preventing Fintiv from pursuing willful or pre-suit indirect infringement claims—and indeed initially included those rulings in its prior notice of appeal.  Appx299-302.  Fintiv ultimately declined to challenge either decision in its appeal brief.  *See* Dkt. 30 at 26 n.4, *Fintiv, Inc. v. Apple Inc.*, No. 2023-2208 (Fed. Cir. Feb. 2, 2024).

The availability of future appellate relief is sufficient reason to deny Fintiv's mandamus petition. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) (adequate alternative relief exists if "[a] litigant is free to seek review of the propriety of [the challenged action] on direct appeal after a final judgment"); *In re HTC Corp.*, 889 F.3d 1349, 1353 (Fed. Cir. 2018) ("availability of adequate relief on appeal" means mandamus is "generally inappropriate"); *cf. Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) (reiterating "established" rule that "extraordinary writs cannot be used as substitutes for appeals," even if "hardship may result from delay").

Indeed, the availability of alternative relief is the reason for the "general rule" (which Fintiv ignores) "that mandamus is not available to review the denial of a discovery order." *Hepperle v. Johnston*, 590 F.2d 609, 611 n.2 (5th Cir. 1979); *accord In re MSTG, Inc.*, 675 F.3d 1337, 1341 (Fed. Cir. 2012). Fintiv is challenging the denial of an order permitting it even more time to take the discovery it previously requested and then failed to pursue. Yet Fintiv makes no effort to show how its petition presents an exception to the general rule that mandamus is not available for such disputes. Fintiv cites no instance of

14

a court granting mandamus relief in this or any similar context. It instead relies (Pet. 13) on two ordinary appeals finding an abuse of discretion (not a *clear* abuse of discretion) when a trial court granted summary judgment without waiting for completion of discovery. *See Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 920 (5th Cir. 1992); *McCoy v. Energy XXI GOM, LLC*, 695 F. App'x 750, 759 (5th Cir. 2017).

Furthermore, even if mandamus might be justified in some circumstances to address a discovery dispute, Fintiv has not shown any basis for such relief in these circumstances. As detailed above—and as Fintiv's petition ignores—Fintiv has not diligently pursued the discovery it now claims is so urgent that the trial must be postponed even after jury selection has begun. The district court twice granted Fintiv leeway to take this discovery—once in 2020, and once in 2022—and both times, Fintiv declined to make any meaningful effort to do so. Most notably, Fintiv delayed repeatedly after it successfully convinced the district court to grant an eve-of-trial continuance to allow Fintiv to pursue the same discovery it wants now. *See supra* 7 (depicting relevant timeline). Indeed, during the pretrial conference held

yesterday, the district court remarked on Fintiv's months-long delay in pursuing its theories about pre-suit knowledge between the July 2022 discovery order and the pretrial conference in 2023. *See* Appx384.

Fintiv's prior periods of radio silence—amounting to a total of 10 months just between July 2022 and July 2023—undermine its current claim of urgency. Apple demonstrated this to the district court in opposing Fintiv's latest "emergency" continuance request, Appx320-321, and Fintiv's delay likely contributed to the district court's denial of that request. That is not an abuse of discretion (let alone a "clear" one). *See Leonard v. Martin*, 38 F.4th 481, 490 (5th Cir. 2022) (denying mandamus and observing that "district courts are afforded wide discretion in discovery matters").

Furthermore, Fintiv has not shown how the discovery it seeks is relevant to any issue that will be litigated at the scheduled trial. Fintiv is seeking discovery that, it argues, will give it "an opportunity to move to reinstate its willfulness claim." Pet. 12. As Fintiv's careful phrasing implicitly recognizes, Fintiv does not have an active claim of willful infringement. Appx391 ("[THE COURT:] Is the plaintiff asserting willfulness in this case? MR. WALDROP: Your Honor, we are not.").

Nearly five years ago, as discussed above (at 4-5), the district court denied Fintiv's already-belated attempt to add such a claim to the case based on information that was in the possession of Fintiv or its affiliates all along. And, contrary to Fintiv's assertion (Pet. 14), the district court did not "agree[] to allow Fintiv to move to add willful infringement back into the case." Rather, the district court agreed with Apple's procedural suggestion that, "*if* [Fintiv's counsel] wants to file a motion after discovery is over to add willfulness back into the case, that could [be] heard at the pretrial conference." Appx62 (emphasis added) (district court agreeing "that is the way I ordinarily would do it").

But when nearly a year had passed without Fintiv filing any such motion, the district court was not obligated to wait indefinitely for Fintiv to prosecute its case. Fintiv certainly did not have a reasonable expectation that discovery would remain open after the district court held the 2023 pretrial conference, set a trial, and then granted summary judgment. *Contra* Pet. 14 (Fintiv incorrectly asserting that, following the remand from this Court, "the parties understood that discovery was still ongoing").

Apart from its nonexistent willfulness claim, Fintiv identifies no reason why Apple's supposed pre-suit knowledge of the '125 patent (or any alleged infringement) would be relevant to the issues set for trial. Fintiv's vague references to "the merits of infringement, copying, and willful infringement," Pet. 14, are not sufficient to justify the extraordinary remedy it seeks.

### B. Fintiv has not been deprived of its right to choose its counsel, and any inconvenience to counsel caused by the trial schedule does not justify mandamus relief.

Fintiv's second basis for seeking mandamus relief is equally meritless. Fintiv argues that the district court abused its discretion by refusing to reschedule the trial in view of (1) Mr. Kasowitz's "preexisting federal court hearing in the Southern District of New York," which was previously scheduled to take place on August 4 before being rescheduled; and (2) an "office move" (timing unspecified) that would affect Fintiv's "five other primary counsel[.]" Pet. 15; *see* Appx31-32. Fintiv argues that the district court's actions deprived Fintiv of its right to choose its counsel. Pet. 17-19.

Fintiv is wrong on all counts. First, there is no factual basis for Fintiv's claim. As Fintiv admits, shortly before the mandamus petition

was filed, the Southern District of New York rescheduled Mr.

Kasowitz's evidentiary hearing to take place on August 12—several

days after this trial is set to conclude.  Pet. 18; Kasowitz Decl. ¶ 11.

Fintiv insists that maintaining the August 4 trial date "still prevents

Fintiv representation by its counsel of choice," Pet. 18-19, but it does

not explain why that would be so.  Mr. Kasowitz's declaration,

meanwhile, focuses primarily on alleged prejudice to his *other client*, not

Fintiv, given that he will have only "one business day (and the

weekend)" to "finish preparing" for the August 12 hearing that he has

known about since June 23.  Kasowitz Decl. ¶¶ 6, 12.

Fintiv's invocation of supposed inconvenience resulting from its

other counsel's "office move" is even less plausible.  Fintiv has provided

no facts (to the district court or this Court) regarding the office move or

why it would supposedly be "disruptive and prejudicial to preparing for

a trial on August 4."  Appx31.  According to the change of contact

information form these counsel filed with the district court on July 14,

their address had changed "effective immediately" from a location in

Redwood Shores, California, to a location in San Francisco, California.

Appx25.  It is unclear—and Fintiv has not tried to explain—why a

19

relocation of their physical offices in Northern California that was apparently completed three weeks before the trial date would hinder these counsel's ability to prepare for a trial that was set to take place more than 1500 miles away from those offices (and therefore required logistical upheaval and transportation of materials in any event).

Furthermore, even if Fintiv's complaints had some factual grounding, they are not legally cognizable—particularly in the mandamus context. A district court is not only allowed but "required to balance [a party's] right to counsel of choice against the needs of fairness and the demands of its calendar." *United States v. Jones*, 733 F.3d 574, 587 (5th Cir. 2013); *see also United States v. Uptain*, 531 F.2d 1281, 1290 (5th Cir. 1976) (a party's "freedom to have counsel of [its] own choosing may not be used for the purposes of delay").

Fintiv's cited cases do not show otherwise. Two of them involved circumstances where a party's chosen counsel was improperly *disqualified*—not merely inconvenienced, as is the case here. Pet. 17-19; *see Keller Indus., Inc. v. Blanton*, 804 S.W.2d 182, 185 (Tex. App. 1991); *In re Shared Memory Graphics LLC*, 659 F.3d 1336, 1342 (Fed. Cir. 2011). And the third involved very different circumstances, where

a party's only lawyer received one week's notice of a trial being set during a week where he had three pre-existing trials scheduled to take place on each day. *Farmers' Gas Co. v. Calame*, 262 S.W. 546, 547-48 (Tex. Civ. App. 1924). That is a far cry from this case, where Fintiv is represented by a large team of lawyers who have had more than a month's notice of the August 4 trial date and who presently have no conflicts with the dates that trial is scheduled.

## II.    Fintiv Has Not Shown That A Stay Is Warranted.

Given the plain lack of merit in Fintiv's mandamus petition, the Court should deny its requested relief outright and allow this case to proceed to trial as scheduled. *See In re IXYS Corp.*, 148 F. App'x 933, 933 (Fed. Cir. 2005) (denying corresponding motion to stay trial upon denying mandamus). And there is no reason to grant Fintiv's separate request for a stay while the Court considers mandamus relief. A stay at this late hour would necessarily mean delay of the trial date—a disruptive outcome that would prejudice Apple, inconvenience witnesses and jurors, and waste judicial resources. That delay would also effectively give Fintiv the mandamus relief it seeks, even though it has

21

not shown any basis for receiving that relief.  At a minimum, therefore, the Court should deny the stay.

Fintiv's stay request is governed by a four-factor standard: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Nken v. Holder*, 556 U.S. 418, 425-26 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 407 F. App'x 452, 452 (Fed. Cir. 2011) ("In deciding whether to grant a stay, pending appeal, this court assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public.") (quotation marks and citation omitted).  All four factors point toward denial here.

## A.    Fintiv is unlikely to succeed on the merits of its mandamus petition.

Despite acknowledging that likelihood of success is one of the two "most critical" stay factors, Mot. 5 (quoting *Nken*, 556 U.S. at 434), Fintiv's stay motion barely addresses this factor.  *See* Mot. 6.  In all

events, its mandamus petition fails to satisfy (or even fully address) the high bar for this extraordinary relief. For the reasons discussed above (in Part I), Fintiv's mandamus petition is meritless and cannot justify a stay even if any of the other factors favored such relief. *In re First S. Sav. Ass'n*, 820 F.2d 700, 709 n.10 (5th Cir. 1987) (absent the movant showing of a likelihood of success on the merits, a stay is warranted only if the balance of the remaining equities is "*heavily tilted*" in the movant's favor) (quotation marks omitted).

## B.    Fintiv will not be irreparably injured absent a stay.

Fintiv also cannot show that it will be harmed (let alone irreparably) if its stay request is denied.

Fintiv argues (Mot. 7) that it should not be forced to proceed to trial without the discovery it seeks. To begin with, that discovery is not relevant to any claim or defense set to be litigated in next week's trial. *See supra* 16-17. And Fintiv makes no attempt to show otherwise. Regardless, Fintiv's stay motion elsewhere acknowledges that Fintiv will be able to challenge the denial of discovery in any eventual appeal following final judgment. Mot. 8; *see supra* 13-14. Fintiv does not even try to explain how it can be irreparably harmed if it retains this right.

*Cf. Kershaw v. Shalala*, 9 F.3d 11, 15 (5th Cir. 1993) (in collateral order

context, finding "no risk of irreparable loss" when decision would be

"reviewable as a final order"); *Sherri A.D. v. Kirby*, 975 F.2d 193, 204

(5th Cir. 1992) (favorably citing caselaw establishing that "threat of

irreparable harm due to an interlocutory order does not exist where [a]

party can be made whole upon resolution of [the] case").

Nor will Fintiv suffer an irreparable injury to its right to counsel if

a stay is denied.  As Fintiv acknowledges (Mot. 8), Mr. Kasowitz's

competing evidentiary hearing has been rescheduled for August 12.

This trial is expected to conclude by August 8.  *See* D. Ct. Dkt. 524 at 1

(noting anticipated trial length of 5 days); *see also* Appx406 (setting

trial time of 9 hours per side).  Mr. Kasowitz cites the short time this

schedule leaves him to "finish preparing" for the evidentiary hearing.

Kasowitz Decl. ¶ 12.  But he acknowledges having had notice of both

proceedings for more than a month.  *Id.* ¶¶ 6, 9. Whatever

inconvenience Fintiv's attorney might suffer from having to prepare for

both proceedings, it does not rise to the level of a deprivation of Fintiv's

right to counsel, and certainly does not constitute irreparable harm

justifying the competing inconvenience to every other witness and
attorney who has prepared to attend this trial.

That conclusion is not changed by the fact that Fintiv's other
counsel are in the midst of an "office move." Mot. 7. Fintiv has not
specified the dates when this office move took place, although its
counsel filed a notice of address change on July 14. *See* Appx25. More
fundamentally, Fintiv has not provided any detail to support its
contention that it would be "disruptive and prejudicial" to require these
lawyers to perform their usual work while the move is underway (or for
several weeks afterward). Appx31-32.

## C.    Apple will suffer prejudice from a last-minute delay of trial.

In contrast to the lack of prejudice to Fintiv, postponing the trial
at this point does risk substantial and irreparable harm to Apple.
Fintiv argues that any claim of harm "would be disingenuous at best,"
given that Apple previously said it was open to a trial date in October
2025 or March 2026. Mot. 8.

Apple made those representations more than a month ago. *See*
Appx20 (stating, on June 23, that "Apple is available for trial on
October 27"); Appx34-35 (stating, on June 27, that "Apple is prepared to

proceed with trial on the August 4 date" and that it had been unable to find alternative workable dates for all witnesses and counsel before March 2026).  In the intervening weeks, Apple has been diligently preparing for the trial that is set to go forward in a matter of days. Apple's witnesses and counsel have made travel and other arrangements to participate in trial and, by the time Fintiv filed its stay request, some had already traveled to Austin for trial.

That includes Apple's lead trial witness, third-party Mohammad Khan.  *See* Appx329 (identifying Mr. Khan as the first of three "will call" witnesses).  Mr. Khan is based in Northern California and typically spends multiple months each year in Pakistan—both of which are outside the subpoena power of the district court.  *See* Fed. R. Civ. P. 45(c).  As Apple explained to the district court in opposing Fintiv's emergency continuance motion, "should the trial date move again, Apple may be unable to secure the live testimony" of Mr. Khan. Appx320 n.1.  Particularly in view of the weakness of Fintiv's arguments on the merits, Apple should not suffer this risk of being hampered in its ability to present its case.  *Cf. Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992) (recognizing that '[v]ideotaped

26

deposition testimony" is "still only a substitute" for live testimony, which allows the jury to "fully appreciate the strength or weakness of the witness'[s] testimony").

### D.     The public interest does not favor a stay.

Fintiv has not shown any public interest warranting a stay. Its judicial-economy argument (Mot. 8) depends on the assumption that Fintiv's mandamus petition will be successful—which, as shown above, is highly unlikely. In contrast, granting a stay at this point will be guaranteed to waste the judicial resources that are already being spent in the lead-up to trial. Among other efforts, the district court has now conducted the final pretrial conference (Appx353), and jury selection is actively underway while this opposition is being filed (Appx30). If a stay is granted now, those efforts may very well have to be duplicated— and the prospective and selected jurors will have certainly had their time wasted. Fintiv has shown no justification for such a significant disruption.

## CONCLUSION

The Court should deny Fintiv's mandamus petition and its

emergency motion for stay.

Respectfully submitted,

*/s/ Melanie L. Bostwick*

| | |
|---|---|
| Sean C. Cunningham | Melanie L. Bostwick |
| DLA PIPER LLP (US) | ORRICK, HERRINGTON & |
| 4365 Executive Drive, Suite 1100 | SUTCLIFFE LLP |
| San Diego, CA 92121 | 2100 Pennsylvania Avenue, NW |
| | Washington, DC 20037 |
| | (202) 339-8400 |

Jeffrey T. Quilici
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
300 W. 6th Street, Suite 1850
Austin, TX 78701

*Counsel for Respondent Apple Inc.*

# CERTIFICATE OF COMPLIANCE

The response complies with the type-volume limitation of Fed. R. App. P. 21(d)(1) because this response contains 5,285 words.

This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this response has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melanie L. Bostwick*
Melanie L. Bostwick
*Counsel for Respondent*